UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00158 |
| | CIVIL ACTION NO. 11-2018 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TIMOTHY HENDRICKS | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 46) filed by the Petitioner, Timothy Hendricks ("Hendricks"). Hendricks seeks an order from the Court vacating his sentence. For the reasons set forth below, Hendricks's motion is **DENIED**.

### BACKGROUND

On January 26, 2010, pursuant to a written plea agreement, Hendricks pleaded guilty to Count Two of an indictment charging him with possession of child pornography, in violation of 18 U.S.C. §2252(A)(5)(B). (Record Document 49-1 at 1). On August 18, 2010 defendant was sentenced to 87 months imprisonment and, upon release, five years of supervised release. (Record Document 27). Count One of the indictment was dismissed. Hendricks appealed the enhancements to his sentence to the Fifth Circuit but the Fifth Circuit affirmed his sentence. See United States v. Hendricks, 10-30796 (5th Cir. May 2, 2011).

Hendricks now brings this timely §2255 motion. Hendricks does not challenge his

guilty plea but he raises four grounds for vacating his sentence: (1) he claims his original confession was coerced; (2) he claims he was not given an opportunity to give an allocution; (3) he claims his counsel was ineffective at sentencing for failing to request a downward departure; and (4) Hendricks claims that his sentencing counsel was ineffective for failing to object to inaccurate information in his pre-sentencing investigation report. ("PSI"). Hendricks requests that the Court "vacate his current sentence, allow him to give a proper allocution, then re-sentence him on the basis of that allocution, taking into account his extraordinary post-arrest rehabilitation, a more accurate view of the Guideline Enhancements in his PSI, and the fact that his original confession was the product of coercion." (Record Document 46-1 at 10).

## LAW AND ANALYSIS

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that

> could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

**I.      Ground One: Coerced Confession**

Hendricks claims that when he gave initial statements and a confession to the government he had taken "sleep aids" and was "awakened an hour into his sleep." (Record Document 46-1 at 2). He claims he asked if he needed an attorney and was told that he did

not. Finally, he claims he asked for an attorney but was not given one. See id. "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." United States v. Acklen, 47 F.3d 739, 741-42 (5th Cir. 1995) (Citations omitted). Hendricks, in his original briefing, did not even attempt to show cause as to why this was not raised on his appeal to the Fifth Circuit and therefore this ground is procedurally barred.

However, even if it were not procedurally barred, it still would fail. The only evidence supplied by the defendant that his confession was coerced are his conclusional and unsubstantiated accusations. Therefore, Hendricks does not provide any competent evidence of his alleged coercion. See United States v. Jones, 24 F.3d 240 (5th Cir. 1994). Further, while Hendricks claims his confession was coerced, he does not claim his guilty plea was. Therefore, he cannot show actual prejudice as his sentencing was based on his plea of guilty in fact and not this confession itself.

Finally, in his reply brief, Hendricks appears attempt to show "cause" by claiming ineffective counsel as to why this was not raised to this Court or the Fifth Circuit. (Record Document 50 at 3-4). "Counsel cannot be deficient for failing to press a frivolous point." United States v. Gibson, 55 f.3d 173, 179 (5th Cir. 1995). As there is nothing beyond unsubstantiated accusations to show Hendricks's confession was coerced, Hendricks's counsel would have been raising a frivolous point and, therefore, cannot be seen to be ineffective for failing to raise it.

**II. Ground Two: Lack of Allocution**

Hendricks claims that he was not allowed to "present a proper allocution" before sentencing. (Record Document 46-1 at 5-6). The government asserts this is not a cognizable ground under §2255 as it is does not constitute constitutional error. (Record Document 49-1 at 7). However, the Court need not address this ground on its merits as it is clear from a review of the transcript of Hendricks's sentencing that he did give a statement to the Court. (Record Document 41 at 37). In fact, Hendricks ended his statement to the Court by saying, "And I appreciate the opportunity to speak to you." See id.

## II.   Grounds Three and Four: Ineffective Assistance of Counsel.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 503. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under §2255, regardless of whether such claims could have been raised on direct appeal. Id.

"The standard for determining the effectiveness of counsel during a guilty plea

proceeding is the two-prong test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). To prevail on claims of ineffective assistance of counsel, Hendricks must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668 (1984); Bryant v. Scott, 28 F. 2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, Hendricks must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S. Ct. At 2066.

Under the second prong of the Strickland test, Hendricks must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F. 2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S. Ct. At 2066. Hendricks must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F. 3d 1016 1021 (5th Cir. 1994) citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). "To meet the prejudice prong, the defendants must affirmatively prove, and not merely allege, prejudice. Thus, '[e]ven where counsel has

rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense.' " DeVille v. Whitley, 21 F.3d at 659 (citations omitted).

If Hendricks fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F. 3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F. 3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F. 3d 626, 631 (5th Cir. 1994).

In Ground Three Hendricks claims that his attorney was ineffective at sentencing for failing to request a downward departure due to mitigating testimony of an expert. (Record Document 46-1 at 6). However, it is clear from Hendricks' sentencing memorandum drafted by his sentencing counsel that a downward departure was requested and the Court considered and denied it. Hendricks counsel requested probation, which would be a downward departure from the guideline range of 87 to 108 months. (Record Document 24-1 at 2). The Court even discussed the possibility of probation during sentencing. (Record Document 41 at 41). Since a downward departure was request by Hendricks's counsel and discussed by the Court during sentencing, this ground is moot.

In Ground Four, Hendricks claims his attorney was ineffective for failing to object to inaccurate information in his PSI. (Record Document 46-1 at 8). However, as the government notes, Hendricks fails to point out a single piece of inaccurate information. (Record Document 49-1 at 10).[1] As previously stated, "Counsel cannot be deficient for

---

[1] It appears Hendricks may be referring to the enhancements to his sentence as inaccuracies. However, as the Court and the Fifth Circuit have already held, the

failing to press a frivolous point." United States v. Gibson, 55 f.3d 173, 179 (5th Cir. 1995).

As the Court is not aware of any inaccurate information to Hendricks's PSR, any objections would have been frivolous and Hendricks's counsel was not ineffective.

---

enhancements to Hendricks's sentence were proper.

## CONCLUSION

The Court finds that Hendricks' confession is procedurally barred from being raised in this motion, he did allocute to the Court at sentencing, and his counsel was not ineffective at sentencing as he did request a downward departure and Hendricks has not pointed to any inaccurate information to object to in the PSR.

Accordingly,

**IT IS ORDERED** that Hendricks's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 46) be and hereby is **DENIED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of June, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE